In the Matter of the ESTATE OF
Willard Jennings CROFT,
Deceased.

Denis CROFT, Appellant (Contestant),

v.

Gordon W. TAYLOR, Sr., Personal Representative and Executor of the Estate of Willard Jennings Croft, Deceased, Appellee (Petitioner),

Elizabeth J. Hall and Debra L.
Young, (Contestants).

No. 86–213.

Supreme Court of Wyoming.

March 19, 1987.

Clay B. Jenkins of Badley & Rasmussen, P.C., Sheridan, for appellant.

Mark R. Stewart, Glenrock, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

This is an appeal from orders awarding attorney fees to the successful parties in a will contest.

We reverse.

On November 15, 1984, appellant Denis Croft contested the validity of the second codicil to his father's will devising certain real estate to Elizabeth J. Hall. Ms. Hall and appellee Gordon W. Taylor, Sr., as the personal representative of the estate of Willard Jennings Croft, each retained an attorney to oppose the contest. On May 16, 1985, summary judgment was entered decreeing that the second codicil was valid and binding, which judgment was affirmed on appeal to this Court.

On July 8, 1986, after finding that the award was authorized by § 2-6-305, W.S. 1977, the district court entered judgment against appellant awarding appellee $6,891 for attorney fees and $352.89 for expenses he incurred in defending the will contest. On October 20, 1986, the district court also entered judgment against appellant awarding Ms. Hall $4,590 for attorney fees and $940.80 for expenses she incurred in also defending the will contest.

Appellant's statement of the issue on appeal is:

"THE TRIAL COURT ERRED IN CONSTRUING WYOMING STATUTE § 2-6-305 TO AUTHORIZE AN AWARD OF ATTORNEY'S FEES AGAINST THE LOSING PARTY IN A WILL CONTEST."

Section 2-6-305, W.S.1977, provides as follows:

"The *fees* and *expenses* shall be paid by the party contesting the validity or probate of the will if the will in probate is affirmed. If the probate is revoked, the *costs* shall be paid by the party who resisted the revocation, or out of the property of the decedent, as the court directs." (Emphasis added.)

We have previously held that " 'attorney's fees are not recoverable in the absence of express statutory or contractual obligation.' *Bowers Welding and Hotshot, Inc. v. Bromley*, Wyo., 699 P.2d 299, 307 (1985)." *Graves v. Utah Power & Light Company*, Wyo., 713 P.2d 187, 194 n. 6 (1986).

The parties to this appeal have directed our attention to numerous authorities which have applied well-recognized rules of statutory construction to construe the words "fees," "expenses," and "costs." The reasoning most commonly used is: (1) that the language of the particular statutes indicates a legislative intent to include or not include attorney fees within the meaning of these words; or (2) that the ordinary and usual meaning of the words does or does not include attorney fees.

The appeal briefs, arguments of counsel, and authorities they have cited interpreting statutes such as ours merely serve to demonstrate that our statute which generally provides for the payment of fees, expenses, and costs does not meet the standard previously established by this Court for the payment of attorney fees.

The trial court's judgment is modified by deleting the award of attorney fees to appellee.